**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NICHOLAS TALOTTA,<br><br>                Plaintiff,<br><br>       v.<br><br>JOANNE M. DIETRICH,<br><br>                Defendant. | Civil Action No. 25-13087 (MAS) (JTQ)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon two motions: (1) Defendant Joanne M. Dietrich's ("Defendant") Motion to Dismiss (ECF No. 15) Plaintiff Nicholas Talotta's ("Plaintiff") Complaint (ECF No. 1); and (2) Plaintiff's Emergency Motion for Declaratory Relief (ECF No. 24). Plaintiff opposed Defendant's motion. (ECF No. 25.) Defendant filed a letter brief in support of her motion and opposing Plaintiff's emergent motion. (ECF No. 27.) Plaintiff thereafter filed a reply. (ECF No. 28.) The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Defendant's Motion to Dismiss is granted and Plaintiff's Emergency Motion for Declaratory Relief is denied as moot.

## I.    <u>BACKGROUND</u>[1]

### A.    Factual Background

Plaintiff brings his Complaint alleging certain violations of his procedural and substantive due process rights because "[f]or over thirty months, Plaintiff has been denied all parenting contact with his daughter[.]" (Compl. 5, ECF No. 1.) Plaintiff is a resident of New Jersey and the biological father of a minor child. (*Id.* at 6.) Defendant, who is being sued in her official capacity, is the Assistant Director of the Family Practice Division of the New Jersey Administrative Office of the Courts (the "AOC"). (*Id.*) According to Plaintiff, Defendant is responsible for "the statewide administration of family court procedures, including the oversight of custody case management, plenary hearing scheduling, compliance with appellate remands, enforcement of Alternative Dispute Resolution (['']ADR[']) protocols, and procedural safeguards related to the use of psychological evaluations in child custody matters." (*Id.*)

Plaintiff alleges that "[o]n January 15, 2022, the parties[2] entered into a binding court-ordered . . . ADR[] Consent Order, which required the parties to engage in mediation and coordination before initiating or continuing litigation concerning parenting time." (*Id.* at 8 (citing Ex. A).) On December 9, 2022, the other party to the Marital Settlement Agreement filed an *ex*

---

[1] For the purpose of considering the instant motion to dismiss, the Court accepts all factual allegations in the Complaint as true and considers the exhibits attached to the Complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (noting that the court can "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents" on a Rule 12(b)(6) motion (citation omitted)).

[2] While the Complaint mentions the "parties," it is clear from both the Complaint and Exhibit A attached to the Complaint that the "parties" mentioned are not the parties to this case (namely, Plaintiff and Defendant), but rather Plaintiff and the other individual who was a party to the "Marital Settlement Agreement" referenced in Exhibit A. (*See generally* Compl.; Ex. A to Compl. ("Ex. A"), ECF No. 1.)

*parte* emergency application "seeking suspension of Plaintiff's parenting time[,]" which the Family Part granted without holding a hearing or giving Plaintiff prior notice. (*Id.*) Despite requirements for submitting a custody or parenting time plan or referring the matter to court-sponsored meditation under the New Jersey Court Rules, Plaintiff claims that "the Family Part imposed and extended extreme parenting restrictions without receiving any plan, conducting any mediation, or holding an evidentiary hearing." (*Id.* at 9.)

In June 2023, "Plaintiff was incarcerated following a civil contempt finding . . . based on disputed allegations[ ]that he was non-compliant with [a] court directive for a 'risk assessment' and needed 'supervision' to attend [an event] with his daughter that had been planned months in advance with the mother." (*Id.* at 10.) Plaintiff was "detained without criminal charges, without conditions for release, and without an evidentiary hearing to determine the basis or lawfulness of continued confinement." (*Id.*) Then, "[o]n April 16, 2025, the New Jersey Appellate Division issued a remand order directing further proceedings" to give Plaintiff an opportunity to have a plenary hearing and acknowledged that the Family Part "lacked any authority to engage in pretrial detention proceedings when there was no criminal complaint warrant pending." (*Id.* at 9, 10 (quoting Ex. B to Compl., ECF No. 1).)

Plaintiff claims that, as a result of these actions, he "has suffered a prolonged and ongoing deprivation of his fundamental liberty interest in the care and companionship of his child. . . . The continued suspension of parenting time—without process, findings, or opportunity for factual challenge—has caused deep emotional distress and psychological harm." (*Id.* at 10-11.)

**B.    Procedural Background**

On July 10, 2025, Plaintiff, proceeding *pro se*, filed the Complaint, alleging five causes of action against Defendant: (1) violation of his procedural due process rights under the Fourteenth

Amendment in connection with the "[d]enial of [p]lenary [h]earing and [c]ourt-[o]rdered [s]afeguards" ("Count One"); (2) violation of his substantive due process rights under the Fourteenth Amendment in connection with the "[a]rbitrary and [p]rolonged [i]nterference with the [p]arent-[c]hild [r]elationship" ("Count Two"); (3) a "[s]tructural [d]ue [p]rocess [v]iolation" in connection with "[b]ypassing [c]ourt-[o]rdered ADR and [m]andatory [c]ustody [p]rocedures" ("Count Three"); (4) "[c]onstructive [d]enial of [a]ppellate [r]emand" ("Count Four"); and (5) "[u]nlawful [i]ncarceration [w]ithout [d]ue [p]rocess" ("Count Five"). (Compl. 11-20.) On September 26, 2025, Defendant moved to dismiss the Complaint. (Def.'s Mot. to Dismiss, ECF No. 15.) On December 8, 2025, Plaintiff filed both an opposition to Defendant's motion (Pl.'s Opp'n Br., ECF No. 25) and an Emergency Motion for Declaratory Relief (Pl.'s Emergency Mot., ECF No. 24). Defendant filed a consolidated letter brief addressing both parties' pending motions. (Def.'s Letter Br., ECF No. 27.) Plaintiff thereafter replied. (Pl.'s Reply, ECF No. 28.)

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Under Federal Rule of Civil Procedure[3] 12(b)(1), a defendant may move to dismiss a matter for want of standing "because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (citations omitted). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citation omitted). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the

---

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

4

existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999) (citations omitted). As such, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). District courts considering a facial challenge, then, must construe the allegations in the complaint as true and determine whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). "Thus, '[t]o survive a motion to dismiss [for lack of standing], a complaint must contain sufficient factual matter' that would establish standing if accepted as true." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## B.    Rule 12(b)(6)

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and

5

"construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages*, 926 F.2d at 1409).

## III.    DISCUSSION

Defendant raises multiple arguments in favor of dismissal, including, but not limited to: (1) Defendant is entitled to sovereign immunity because she is being sued in her official capacity; (2) Defendant is entitled to quasi-judicial immunity; and (3) Plaintiff otherwise fails to state a claim upon which relief can be granted. (*See generally* Def.'s Moving Br., ECF No. 15-1.) As noted below, the Court agrees that dismissal is appropriate.[4]

### A.    Sovereign Immunity

Defendant first argues that the Complaint should be dismissed because she is not a "person" that is subject to suit under 42 U.S.C. § 1983.[5] (*See id.* at 12-14.)

---

[4] Because the Court finds that dismissal is appropriate for the below reasons, it need not reach Defendant's other arguments in favor of dismissal.

[5] Section 1983 operates as the procedural vehicle by which a plaintiff may bring a claim for violation of constitutional rights in federal court. *See* 42 U.S.C. § 1983.

"The Eleventh Amendment 'is a jurisdictional bar which deprives federal courts of subject matter jurisdiction' over actions against a [s]tate." *Grohs v. Yatauro*, 984 F. Supp. 22d 273, 280 (D.N.J. 2013) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996)). "The state's immunity from suit also extends to 'arms' of the state, such as agencies or departments." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)). "[A] suit against a state official in . . . her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). "As such, it is no different from a suit against the [s]tate itself" and is barred. *Id.* (citations omitted).

Here, Plaintiff brings this Complaint against Defendant "in her *official* capacity as Assistant Director of the Family Practice Division of the New Jersey [AOC]." (Compl. 1 (emphasis added).) To the extent Plaintiff is seeking damages for his claims against Defendant in her official capacity, such claims are barred by the doctrine of sovereign immunity.[6] *See Grohs*, 984 F. Supp. 2d at 280 ("[The plaintiff's] claims for damages against the [d]efendants in their *official* capacities are barred by sovereign immunity." (emphasis in original)).

## B.    Quasi-Judicial Immunity

Defendant also argues that dismissal is warranted because Defendant "is entitled to absolute quasi-judicial immunity for any alleged acts or omissions taken . . . as Assistant Director of the Family Practice Division of the New Jersey [AOC]." (Def.'s Moving Br. 15.)

---

[6] Plaintiff's claims for injunctive relief against Defendant in her official capacity are *not* barred by the doctrine of sovereign immunity. *See Grohs*, 984 F. Supp. 2d at 281 ("'[O]fficial-capacity actions for prospective relief are not treated as actions against the state.' A state official against whom prospective injunctive relief is sought, then, does not partake of the [s]tate's sovereign immunity under the Eleventh Amendment, and is considered a 'person' for purposes of Section 1983." (citations omitted)).

"Quasi-judicial immunity attaches to public officials whose roles are functionally comparable to that of a judge." *Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (internal quotation marks and citation omitted). "In determining whether a government actor was fulfilling a quasi-judicial role, courts 'examine the nature of the functions with which a particular official or class of officials has been lawfully entrusted' and 'the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions.'"[7] *Khawam v. Allen*, No. 23-22465, 2025 WL 654107, at *8 (D.N.J. Feb. 27, 2025) (quoting *Russell v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018)).

Here, Plaintiff's allegations center on his alleged denial of parenting time, a lack of a plenary hearing, and an unlawful incarceration—all of which are related to the Family Part's judicial decisions. (*See generally* Compl.) Plaintiff seeks to hold Defendant accountable for any actions or omissions she took as related to the enforcement or carrying out of those Family Part decisions. (*See generally id.*) To the extent Plaintiff seeks to hold Defendant individually liable for the decisions or enforcement thereof, Defendant is entitled to absolute quasi-judicial immunity from such claims. *See Capogrosso v. The Supreme Ct. of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) ("To the extent that [plaintiff's] *pro se* complaint can be read to include claims against [defendants]

---

[7] "The Third Circuit has adopted the six-factor test outlined in the Supreme Court's decision in *Butz v. Economou*, 438 U.S. 478 (1978), as the 'touchstones of its quasi-judicial inquiry.'" *Khawam*, 2025 WL 654107, at *9. The factors considered include:

> (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

*Keystone Redevelopment Partners*, 631 F.3d at 95 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985)).

in their individual capacities, they are entitled to quasi-judicial immunity and thus not subject to suit for injunctive relief." (citation omitted)); *Addlespurger v. Corbett*, 461 F. App'x 82, 85 (3d Cir. 2012) ("A court administrator . . . , who is charged with the duty of carrying out facially valid court orders, enjoys quasi-judicial immunity from liability for damages in a suit challenging conduct prescribed by that order." (citations omitted)).

**C.      Failure to State a Claim Upon Which Relief Can Be Granted**

Defendant also argues that dismissal is appropriate because the Complaint fails to state any claim upon which relief can be granted. (*See* Def.'s Moving Br. 16-27.)

An individual defendant "in a civil rights action must have personal involvement in the alleged wrongdoing[.] . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)); *see also Crenshaw v. Harper*, 694 F. App'x 871, 873 (3d Cir. 2017) (noting plaintiff failed to state a claim under § 1983 where theory of claim was based on a theory of respondeat superior). Here, Plaintiff fails to allege *any* specific facts regarding what actions Defendant took, the knowledge of wrongdoings she had, or the risk of future harm absent injunctive relief against Defendant. (*See generally* Compl.) Rather, the gist of Plaintiff's allegations relate to the Family Part's past actions "impos[ing] and extend[ing] extreme parenting restrictions [on Plaintiff] without receiving any plan, conducting any mediation, or holding an evidentiary hearing[,]" including an unlawful incarceration, which Plaintiff alleges caused a deprivation of his "fundamental liberty interest in the care, custody, and companionship of his child" and resulted in severe emotional and reputational damage. (*Id.* at 9, 11, 14, 20.) Even construing Plaintiff's *pro se* Complaint liberally, *see Beasley v. Howard*, 623 F. Supp. 3d 434, 439 (D.N.J. 2022) (citing *Erickson v. Pardus*, 551

U.S. 89, 94 (2007)), the Court finds Plaintiff's allegations against Defendant are not sufficient to state any claim upon which relief can be granted.[8] *See, e.g., Evancho*, 423 F.3d at 353 (dismissing § 1983 claim where plaintiff failed to allege facts regarding defendant's individual participation in the actions giving rise to her claim); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim.").

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted.[9] Plaintiff's Emergency Motion for Declaratory Relief is denied as moot. The Court will issue an Order consistent with this Memorandum Opinion.

*Mashipp*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: *April 20th*, 2026

---

[8] Moreover, Plaintiff's attempts to seek declaratory and injunctive relief based on the facts pleaded in the Complaint must fail. First, a declaratory judgment regarding Defendant's past actions is impermissible. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) ("In his complaint, [plaintiff] asks that the [d]istrict [c]ourt 'declare' that his constitutional rights were violated. Declaratory judgment is inappropriate solely to adjudicate past conduct." (citing *Gruntal & Co. v. Steinberg*, 837 F. Supp. 85, 89 (D.N.J. 1993)). Second, Plaintiff's attempt to seek an injunction must fail because Plaintiff fails to plead facts showing future irreparable harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy [of an injunction] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again[.]")

[9] Because Plaintiff is proceeding *pro se* and the Complaint's allegations are difficult for the Court to discern, the Court will not dismiss the Complaint with prejudice and will instead allow Plaintiff one opportunity to amend the Complaint. The Court, however, notes that it is skeptical Plaintiff can plead facts to establish a cause of action against Defendant that is not barred by an immunity doctrine. *See Lane v. New Jersey*, No. 22-4241, 2023 WL 334538, at *4 (D.N.J. Jan. 20, 2023) (dismissing without prejudice claims that were barred by sovereign immunity and quasi-judicial immunity, but noting that "given [p]laintiff's claims, the Court agrees that [p]laintiff cannot plead new facts to avoid sovereign or quasi-judicial immunity as to the named [d]efendants").